UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
**UNITED STATES OF AMERICA**

               -against-                **MEMORANDUM AND ORDER**
                                                                    18-CR-381 (AMD)

**ANTHONY YASONIA,**

                                Defendant.
-------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

Before the Court is the defendant's motion for early termination of his probation. (ECF Nos. 7, 13.)[1] The government opposes the motion. (ECF Nos. 14, 16.) For the reasons that follow, the defendant's motion is denied.

## BACKGROUND

On March 26, 2012, the defendant was arrested at the U.S. Border Patrol checkpoint near Falfurrias, Texas after agents found 120 bundles of marijuana hidden in his car. (Presentence Investigation Report ("PSR") at ¶ 5.) Investigation revealed that the defendant managed a large-scale marijuana distribution conspiracy that included California, Texas and Atlanta. (*Id.* at ¶ 8.) Using a legitimate trucking business as cover, the defendant hired, trained and paid drivers to transport marijuana and cash; he was responsible for approximately $115,000 in laundered funds and three separate loads of marijuana totaling over 8,500 kilograms. (*Id.* at ¶¶ 9-18.)

The defendant agreed to cooperate with the government. On October 3, 2012, he pled guilty in the District Court for the Southern District of Texas to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana (21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)) and money laundering conspiracy (18 U.S.C. § 1956(a)(1)(B)(i) and 1956(h)).

---

[1] On November 12, 2020, the defendant moved *pro se* for early termination of his supervised release. (ECF No. 7.) The Court appointed counsel to assist him in his motion; defense counsel submitted supplemental briefing on December 18, 2020. (ECF No. 13.)

(ECF No. 14 at 1-2.) The defendant was sentenced to concurrent 65-month[2] prison terms and to concurrent five-year supervised release terms. (*Id.* at 2.) The defendant was released in April of 2018, and the case was transferred to the Eastern District of New York in July of 2019. The defendant has since moved to Phoenix, Arizona. (*Id.*) To date, the defendant has completed approximately 33 months of his supervised release term.

The defendant argues that he is entitled to early termination of his supervised release in light of his recent history of positive behavior and devotion to his family. (ECF No. 13 at 4-5; ECF No. 7 at 15.) Since his release, the defendant has built a new life. He completed a substance abuse program, has maintained employment as a truck driver, and has been an attentive husband, father and friend. (*Id.*) The defendant argues that he no longer needs supervision; he maintains that his exemplary record since his release demonstrates that he is already "deterred from committing any future crimes" and is no longer a risk to the public. (ECF No. 13 at 5-6.) And while the probation officer from this district opposes early termination, the officer who supervises him in Arizona supports his application. (ECF No. 14 at 2; ECF No. 16.)

The government opposes the motion, arguing that the defendant has not established the extraordinary conduct or unforeseen circumstances that would merit early termination of his supervised release. (ECF No. 14.) The government cites the defendant's violent criminal history and points out that he is still a commercial truck driver, the same work he used to facilitate the crimes for which he was convicted. (*Id.* at 5.) Finally, the government argues that early termination is unwarranted because the defendant's move to Arizona is recent, and he is still adjusting to a new community. (*Id.* at 6.)

---

[2] The guidelines range was 168-210 months; the government agreed to a downward departure based on the defendant's cooperation.

**DISCUSSION**

A court, after considering the sentencing factors outlined in 18 U.S.C. § 3553(a), may "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C.A. § 3564(c). "Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *see also*, *United States v. Seebachan*, No. 12-CR-505, 2018 WL 2085654, at *1 (S.D.N.Y. Apr. 24, 2018) (applying the same test outlined in *Lussier* to a motion for early termination of probation).

"Full compliance with the terms of probation, though laudable, does not constitute the type of exceptional behavior entitling a defendant to early termination," *Seebachan*, 2018 WL 2085654, at *1, because "compliance with the conditions of probation is to be expected," *United States v. Singer*, No. 08-CR-587, 2012 WL 3062136, at *1 (E.D.N.Y. July 25, 2012). Indeed, "if every defendant who complied with the terms of a probationary sentence were entitled to early termination of that sentence, 'the exception would swallow the rule.'" *United States v. Dwyer*, No. 15-CR-385, 2019 WL 3242308, at *2 (S.D.N.Y. July 3, 2019) (quoting *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

The defendant's submission, which includes the enthusiastic support of his family and friends, demonstrates that the defendant has taken meaningful steps to live a law-abiding life. He maintains steady employment, and is a reliable husband and father. But while his compliance

with the terms of his probation is commendable, it does not rise to the level of "exceptionally good behavior" that would merit early termination of his sentence at this point. *Lussier*, 104 F.3d at 36; *see also Seebachan*, 2018 WL 2085654, at *1 (the fact that the defendant's compliance with his probation occurred "in the face of dire financial circumstances" and while he struggled "to keep his family intact" did not raise his compliance to the level of "exceptionally good behavior"); *United States v. Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law.") Moreover, "there are countervailing considerations that should be taken into account, including the 'nature and circumstances of the offense and the history and characteristics of the defendant,' as well as the need for deterrence and protection of the public." *United States v. Sam*, No. 16-CR-184, 2017 WL 455511, at *1 (S.D.N.Y. Jan. 20, 2017) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(b)).

At this point, the defendant has completed a little more than half of his term of supervised release. Thus, this is not a case in which "general punishment goals would be better served by releasing [him] from the few months that remain on his term of [probation]." *United States v. Lewis*, No. 13-CR-487, 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020).[3] His criminal

---

[3] The defendant cites language in the U.S. Sentencing Guidelines encouraging courts to "consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." U.S.S.G. 5D1.2. The defendant completed a drug treatment program after his release, but represents in his *pro se* submission that he was driven to commit crime not by addiction to "marijuana or illicit drugs of any kind," but by the "money and the lifestyle." (ECF No. 7 at 15.) Under the circumstances, his completion of a drug treatment program does not warrant early termination.

conduct—directing large-scale marijuana sales—was serious, and his criminal history, while remote, is violent. The defendant has not established that his steady employment and commitment to his family give rise to "new or unforeseen circumstances" that make his continued term of probation "too harsh or inappropriately tailored" to serve the goals of his punishment. *Lussier*, 104 F.3d at 36. For these reasons, the defendant's motion is denied.

## CONCLUSION

The defendant's motion for early termination of probation is denied.

**SO ORDERED**.

                                             s/Ann M. Donnelly
                                           ANN M. DONNELLY
                                           United States District Judge

Dated: Brooklyn, New York
        January 25, 2021